UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| William Robert Cossens,<br><br>            Plaintiff,<br><br>vs.<br><br>Jordan Davis, acting in his individual capacity as a Minneapolis police officer,<br><br>            Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED UNDER FRCP 38(b)** |

---

For his Complaint, Plaintiff William Robert Cossens ("Cossens"), hereby states and alleges as follows:

1. This is an action for money damages for injuries sustained by Cossens as a result of the use of excessive force and violation of his constitutional rights by on-duty Minneapolis police officer, Jordan Davis ("Davis"). Davis' conduct violated Cossens' well-settled federal civil rights while acting under color of state law.

2. Cossens was, at all times material hereto, a citizen of the United States and a citizen and resident of the State of Minnesota. Cossens works in the area of accounting and finance for a local university.

3. Davis was, at all times material hereto, a duly appointed and acting peace officer of the Minneapolis Police Department, located in Minneapolis, Minnesota.

4. Cossens brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment to the United States Constitution and 28 U.S.C. §§ 1331 and 1343(3). The aforementioned statutory and constitutional provisions confer original jurisdiction of this

Court over this matter.

5. On the evening of March 1, 2014, Cossens attended a dinner party with his parents, Virginia and Bill Cossens ("Bill"), among others, at the home of Virginia's boss, Michael Moore ("Moore") at 700 Washington Avenue North, Minneapolis.

6. Cossens left the dinner party with his parents between 1:30 a.m. and 2:00 a.m. on March 2, 2014.

7. Temperatures were well-below zero degrees farenheit with winds from the north/northeast greater than 10 mph.

8. Bill was the designated driver.

9. As the Cossens family was preparing to leave, an out of control vehicle raced down Washington Avenue, causing a second vehicle to slam into Virginia and Bill's vehicle. The out of control vehicle then proceeded to hit several additional vehicles on Washington Avenue.

10. Defendant Davis responded to the scene.

11. Defendant Davis was immediately rude to all parties involved.

12. It was apparent to Cossens that Davis was not actually making an effort to obtain critical information, including pertinent insurance information for the multiple vehicles involved.

13. Indeed, the Accident Report prepared by Davis contains no insurance information from the involved drivers or victims, all of whom were potential witnesses to Davis' misconduct.

14. At one point during Davis' investigation, Cossens attempted to speak to Davis

in an effort to ensure that his parents would have the other drivers' insurance information.

16. Davis instructed Cossens to leave the area and Cossens turned to comply.

16. After Cossens turned around, Davis violently and without warning pushed Cossens in the back causing Cossens to fall and strike his face against the ground.

17. Cossens immediately began bleeding from his mouth, felt the loss of several teeth, and recognized that he had sustained a serious facial and dental injury.

18. He immediately informed Moore and Bill that Defendant Davis had pushed him.

19. Davis obviously recognized that Cossens had engaged in no conduct warranting such a use of force, as Cossens was charged with no crime.

20. Moreover, Davis did not even bother to get Cossens' personal information so as to write a proper use of force report or supplement.

21. Davis certainly made no effort to help Cossens after obviously injuring him.

22. Davis claims he did not learn about the injury until later that evening from Sgt. Herron.

23. Upon information and belief, Sgt. Herron learned of Cossens' injury after it was reported to the Minneapolis Police Department by nursing staff at Fairview Southdale Hospital.

24. The cover-up nature of Davis' actions is underscored by the fact that he did not even bother taking Cossens' personal information, referring to him in his supplement only as the man in the "Brooklyn" sweatshirt, but spends the overwhelming majority of his later-prepared supplement discussing and exaggerating Cossens' conduct and minimizing his

3

own use of force rather than the multi-vehicle crash he was actually obligated to investigate.

25. Cossens sought treatment at Fairview Southdale Hospital's Emergency Department ("ED") at approximately 3:00 a.m.

26. Cossens expressly informed ED staff that his injury was the result of being pushed from behind by a police officer.

27. Cossens was diagnosed by the ED with three tooth fractures, facial abrasions, and an upper lip contusion.

28. In particular, Cossens suffered fractures to his #'s 7, 8, and 9 incisors.

29. Cossens was prescribed hydrocodone-acetaminophen and was released home.

30. Cossens continued to experience pain, headache, and dizziness for several weeks following Davis' unlawful attack.

31. On March 4, 2014, Cossens sought additional treatment from the Apple Valley Medical Center, where he was diagnosed with a concussion and neck pain.

32. On March 20, 2014, Cossens presented to the Minneapolis Clinic of Neurology, where he was diagnosed with post-concussive syndrome. It was noted that Cossens was experiencing headaches, blurred vision, vertigo, and memory problems.

33. Cossens also underwent significant dental work to treat his fractured teeth, including a root canal to incisor #8 and crowns inserted at the #'s 7, 8, and 9 incisors.

34. Cossens now has permanent and unwanted damage to his teeth as a result of Davis' unlawful conduct.

35. To date, Cossens has incurred $7,205.10 in medical bills as a direct and proximate result of Davis' unconstitutional conduct.

36. Cossens will continue to incur special medical damages as a result of Davis' unconstitutional conduct.

37. By the actions described above, Davis, under color of state law, violated and deprived Cossens of his clearly established and well-settled civil rights to be free from unconstitutional seizures and the use of excessive and unreasonable force in violation of the Fourth Amendment.

38. Davis subjected Cossens to these deprivations of his rights in such a manner as to render Davis liable for punitive damages.

39. As a direct and proximate result of Davis' unconstitutional acts and omissions, Cossens suffered serious and permanent injuries, was forced to endure and will continue to endure pain, suffering, and emotional distress, medical bills, lost wages and/or value of working time, and was damaged in an amount exceeding Two Hundred Fifty Thousand ($250,000.00) Dollars.

40. Punitive damages are available against Davis and are hereby claimed as a matter of federal common law pursuant to *Smith v. Wade*, 461 U.S. 30 (1983), in an amount exceeding Two Hundred Fifty Thousand ($250,000.00) Dollars.

41. Cossens is entitled to recovery of his costs, including reasonable attorneys' fees under 42 U.S.C. § 1988.

**PLAINTIFF WILLIAM ROBERT COSSENS DEMANDS A JURY TRIAL TO ALL ISSUES OF FACT HEREIN.**

WHEREFORE, Plaintiff William Robert Cossens prays for judgment against Defendant Jordan Davis as follows:

1. A money judgment against Defendant Jordan Davis for compensatory and

punitive damages in an amount in excess of Five Hundred Thousand ($500,000.00) Dollars, together with his costs, including reasonable attorneys' fees under 42 U.S.C. § 1988, and prejudgment interest; and

    2.    For such other and further relief as this Court deems just and equitable.

**GASKINS BENNETT BIRRELL SCHUPP LLP**

Date: June 4, 2014

s/Robert Bennett
Robert Bennett, #6713
Jeffrey S. Storms, #0387240
333 South Seventh Street, #3000
Minneapolis, MN 55402
Telephone: 612-333-9500
*Attorneys for Plaintiff*